REQUESTED BY: Steven M. Curry, Merrick County Attorney, Central City, Nebraska 6882
1. Can the per diem compensation of an elected member of the County Weed District Board be increased during his term of office?
2. Does the County Weed District Board or the County Board of Supervisors determine the per diem compensation?
1. No.
2. The amount of the per diem may be proposed by the County Weed District Board through its Weed Control Superintendent, but the establishment of the actual rate is the responsibility of the County Board of Supervisors through the approval of the Weed District Board's budget.
1. Section 2-953(4), R.R.S. 1943, provides that the members of the County Weed District Board shall be paid a per diem of not less than $12.00 for each day actually and necessarily engaged in the performance of their official duties as members of such board. You ask whether or not this per diem compensation of these elected members of the County Weed District Board may be increased during their term of office. We think not. Article III, section 19, of the Constitution of this state, provides as is pertinent here:
 ". . . nor shall the compensation of any public officer, . . . be increased or diminished during his term of office. . ."
We have previously been of the opinion that the County Weed Control Board is an agency of county government and its elected members have the same status as other elected county officials. Opinion of the Attorney General No. 115, dated September 30, 1965, 1965-66:176; Opinion of the Attorney General No. 170, dated April 4, 1966, 1965-66:279.
In this regard, section 23-1114, R.R.S. 1943, provides as is pertinent here:
 "(1) The salaries of all elected officers of the county shall be fixed by the county board at least sixty days prior to the closing of filings of certificates of nomination to place names on the primary ballot for the respective offices, . . ."
We presume that at some point in time at least sixty days prior to the closing of filings for such office, that the county board has established compensation for these officials.
Therefore, except as is provided in section 23-1114, R.R.S. 1943, the compensation of these elected officials is controlled by Article III, section 19, of the Nebraska Constitution and cannot be increased nor diminished until the next occasion when the term of an existing board member expires.
2. You also ask whether the County Weed District Board or the County Board of Supervisors determines the per diem compensation. While the amount of the per diem might be proposed by the County Weed Board, through its Weed Control Superintendent, who by statute is charged with the responsibility of providing the necessary information to the county board for the establishment of the County Weed District Board's budget, it is our opinion that the responsibility for the actual establishment of the per diem rate lies with the County Board of Supervisors, through their process of approving the County Weed District Board's budget.
In this regard, we have previously been of the opinion that the funds available to the County Weed District Board may only be paid out pursuant to county warrant upon vouchers approved by the county board in the same form as any other fund. Opinion of the Attorney General No. 115, dated September 30, 1965, 1965-66:176. We have also previously have been of the opinion that the county board is not required to levy an amount sufficient to meet the amount requested by the County Weed District Board, but has the power to reduce or change the amount requested. Opinion No. 201, dated June 30, 1966, 1965-66:323. We are of the opinion that this power extends to the ultimate approval or disapproval of the suggested per diem up to the maximum provided by statute proposed by the County Weed District Board. We would also be of the opinion that inasmuch as these board members are elected county officials, that the provisions of section 23-1114, R.R.S. 1943, would mandate that their salaries be established by the county board.